## In re KABBAGE.

No. 65646.

United States District Court
N. D. Ohio, E. D.

Sept. 26, 1950.

Clair E. Whitmer, Akron, Ohio, trustee.

Karl J. Ertle, Cleveland, Ohio, for Metropolitan Finance Co.

Henry B. Johnson, Cleveland, Ohio, for trustee.

Louis A. Berry, Akron, Ohio, for bankrupt.

516

WOODS, Referee.

In this proceeding, Clair E. Whitmer, trustee in bankruptcy of this estate, filed his petition to sell an undivided one-fifteenth interest in certain real property situated in Summit County, Ohio. To this, the counsel for the Metropolitan Finance Company filed a motion to dismiss the trustee's petition to sell on April 26, 1950, urging that since the interest in land sought to be sold by the trustee had been registered under the Torrens Act of the State of Ohio, as provided in Section 8572-1 et sequi of the Ohio General Code, and because the trustee had not filed notice as provided in the Torrens Act with the recorder of Summit County, that the motion of the Metropolitan Finance Company should be sustained.

This motion was overruled and the trustee directed to file a notice of his appointment with the recorder of Summit County, which was done on May 18, 1950, as appears in the Certificate of the recorder; and on May 22, 1950, this court ordered that the sale of the real estate go forward, transferring any lien of the Metropolitan Finance Company to the fund realized from the sale of said one-fifteenth interest.

Thereafter at the hearing on the claim of lien on the fund of the Metropolitan Finance Company, the question was submitted upon an agreed statement of facts. Therein it appears that the voluntary petition in bankruptcy was filed September 29, 1948, the Metropolitan Finance Company secured judgment in Summit County in two suits on January 28, 1949, and certificates of such judgments were filed immediately against Land Title Registration Certificate No. 16969 of the Registered Title Division of the Recorder of Summit County in accordance with the provisions of the Torrens Act of the State of Ohio.

Apparently, the counsel for the Metropolitan Finance Company has become confused because he believes he has a lien on the real property by judgment, and if so, this can in no way effect the right of the trustee in bankruptcy who has ownership in the real estate which belongs to bankrupt under the Bankrupt Act.

 Counsel overlooks the Section 70 sub. a(5) of the Bankruptcy Act, 11 U.S.C. A. § 110, sub. a(5), which provides that the trustee of the estate of a bankrupt is vested by law with the "property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him * * *" Thus, where the bankrupt holds as tenant in common, his trustee is invested with title of the undivided interest of the bankrupt, since the bankrupt could have conveyed the same. 4 Collier on Bankruptcy, 14 Ed. Page 1040. From this, it would appear that the trustee in bankruptcy is the only person who can transfer any interest in this bankrupt estate and apparently the language of the Torrens Act contemplates such action. All that is necessary is that the trustee in bankruptcy file with the recorder papers showing his appointment as trustee in bankruptcy.

If there should be any question as to the priority right of the trustee over that of the lien claimant who has a judgment obtained in a State Court and reliance is had upon the filing under the Torrens Act, attention is called to the provisions of the Bankruptcy Act as follows:

Section 21, sub.(g), 11 U.S.C.A. § 44, sub. g: "A certified copy of the petition with the schedules omitted, of the decree of adjudication or of the order approving the trustee's bond may be recorded at any time in the office where conveyances of real property are recorded, in every county where the bankrupt owns or has an interest in real property. Such certified copy may be recorded by the bankrupt, trustee, receiver, custodian, referee, or any creditor, and the cost of such recording shall be paid out of the estate of the bankrupt as part of the expenses of administration. Unless a certified copy of the petition, decree, or order has been recorded in such office, in any county wherein the bankrupt owns or has an interest in real property in any State whose laws authorize such recording, the commencement of a proceeding under this Act shall not be constructive notice to or affect the title of any subsequent bona-fide purchaser or lienor of real property in such county for a present fair equivalent value and without actual notice of the pendency

of such proceeding: *Provided, however,* That where such purchaser or lienor has given less than such value, he shall nevertheless have a lien upon such property, but only to the extent of the consideration actually given by him. The exercise by any court of the United States or of any State of jurisdiction to authorize or effect a judicial sale of real property of the bankrupt within any county in any State whose laws authorize the recording aforesaid shall not be impaired by the pendency of such proceeding unless such copy be recorded in such county, as aforesaid, prior to the consummation of such judicial sale: *Provided, however,* That this subdivision shall not apply to the county in which is kept the record of the original proceedings under this Act."

 Thus, in the Bankruptcy Act itself, this last clause beginning, "Provided However," is applicable to the situation presented by the claim of the Finance Company and completely negatives and denies any priority to a lien claimant under a Torrens Act recording as against any other claimant. That is to say, the Bankruptcy Act is supreme as to who shall share in property of the bankrupt.

An order may be entered denying any claim of the Metropolitan Finance Company because of the said judgments sought to be enforced against this trustee in bankruptcy.